UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA O'NEAL | CIVIL ACTION |
| VERSUS | NO. 19-11511 |
| WILSON CANAL PLACE AND WESTERN WORLD INSURANCE COMPANY | SECTION M (2) |

## ORDER & REASONS

On December 30, 2019, defendants Wilson Canal Place I, LLC, Wilson Canal Place, and Western World Insurance Company (collectively, "Defendants") filed a motion for summary judgment regarding plaintiff Shawanda O'Neal's claim against them, which motion was set for submission on January 16, 2020.[1] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date. O'Neal, who is represented by counsel, has not filed a memorandum in opposition to the aforementioned motion for summary judgment.

Accordingly, because the motion for summary judgment is unopposed, and it appearing to the Court that the motion has merit,[2]

---

[1] R. Doc. 15. Defendants concurrently filed a motion *in limine* to exclude any proposed expert testimony and evidence of plaintiff (R. Doc. 14) and a motion to dismiss, or alternatively, motion to preclude plaintiff from calling witnesses or introducing exhibits at trial (R. Doc. 16). Given the Court's disposition of Defendants' motion for summary judgment, these additional motions are DISMISSED as moot.

[2] O'Neal alleges that on April 6, 2018, a light fixture fell on her while in the elevator at One Canal Place, of which Wilson Canal Place I, LLC is the owner or custodian. R. Doc. 1-1 at 1-2. She claims that Wilson Canal Place I, LLC was negligent in having defective premises or failing to operate the premises in a reasonable and safe manner under the circumstances, and seeks damages for her alleged injuries resulting from the accident. *Id.* at 2-3. According to O'Neal, Western World Insurance Company is Wilson Canal Place I, LLC's insurer. *Id.* at 3. In their motion for summary judgment, Defendants argue that O'Neal cannot prove an essential element of her claim under Louisiana premises-liability law, namely, that Defendants knew or should have known of the vice or defect in the property. R. Doc. 15-2 at 5-6. Defendants support their motion with the affidavit of Joe Mabey, the operations manager for Wilson Canal Place I, LLC, in which he attests that prior to the alleged incident, Defendants had not received any reports or complaints relating to overhead light fixtures in elevators and had no notice of any problems relating to overhead light fixtures in elevators, and that Defendants have no knowledge of other accidents or injuries involving overhead light fixtures in elevators on the property. R. Doc. 15-4. Therefore, Defendants have presented evidence showing that an

IT IS ORDERED that Defendants' motion for summary judgment (R. Doc. 15) is GRANTED as unopposed, and this case is dismissed with prejudice.

New Orleans, Louisiana, this 20th day of February, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

essential element of O'Neal's claim is not met, and O'Neal has failed to present any countervailing evidence to defeat summary judgment, as was her burden to do so. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed R. Civ. P. 56(c)(1)(A) & (c)(2).