UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWANDA O'NEAL | CIVIL ACTION |
| VERSUS | NO. 19-11511 |
| WILSON CANAL PLACE AND WESTERN WORLD INSURANCE COMPANY | SECTION M (2) |

### ORDER & REASONS

Before the Court is a motion by plaintiff Shawanda O'Neal for a new trial concerning this Court's Order & Reasons granting defendants' motion for summary judgment.[1] Defendants Wilson Canal Place I, LLC ("Wilson") and Western World Insurance Company ("WWIC") (collectively, "Defendants") oppose the motion,[2] and O'Neal filed a reply in further support of the motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies O'Neal's motion for new trial.

### I. BACKGROUND

This case involves a claim of premises liability brought under Louisiana law. O'Neal filed this suit on July 3, 2019, alleging that on April 6, 2018, a light fixture fell on her while in the elevator at One Canal Place, of which defendant Wilson is the owner or custodian.[4] She claims that Wilson was negligent in having defective premises or failing to operate the premises in a reasonable and safe manner under the circumstances, and seeks damages for her alleged injuries resulting from the accident.[5] According to O'Neal, WWIC is Wilson's insurer.[6]

---

[1] R. Doc. 34.
[2] R. Doc. 39.
[3] R. Doc. 44.
[4] R. Doc. 1-1 at 1-2.
[5] *Id.* at 2-3.
[6] *Id.* at 3.

On August 14, 2019, this Court entered a scheduling order setting a trial date of March 16, 2020.[7] The scheduling order also established the following pertinent pre-trial deadlines: (a) not later than November 18, 2019, O'Neal was to serve on counsel for Defendants any expert reports; (b) witness and exhibit lists were to be filed by December 17, 2019; (c) motions for summary judgment were to be filed to permit hearing thereon not later than January 16, 2020; and (d) discovery was to be completed by February 14, 2020.[8] O'Neal served no expert report and filed no witness and exhibit list in accordance with these deadlines.[9] Further, she did not conduct any discovery, whether by written requests or deposition, during the discovery period.[10]

On December 30, 2019, Defendants filed a motion for summary judgment, which motion was set for submission on January 16, 2020.[11] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date. O'Neal, who is represented by counsel, did not timely file a memorandum in opposition to Defendants' motion for summary judgment. On January 10, 2020, O'Neal attempted to file an untimely opposition, which was marked deficient by the clerk of court, but she failed to cure the deficiency.[12] Then on February 18, 2020, O'Neal again attempted to file an untimely and deficient motion to continue the motion for summary judgment, trial, and all deadlines.[13]

On February 20, 2020, this Court granted Defendants' motion for summary judgment as unopposed because it appeared to have merit.[14] The Court noted that:

---

[7] R. Doc. 9 at 4.
[8] *Id.* at 1-3.
[9] R. Doc. 39 at 4.
[10] *Id.* at 3.
[11] R. Doc. 15.
[12] R. Doc. 18.
[13] R. Doc. 26.
[14] R. Doc. 31.

In their motion for summary judgment, Defendants argue that O'Neal cannot prove an essential element of her claim under Louisiana premises-liability law, namely, that Defendants knew or should have known of the vice or defect in the property. R. Doc. 15-2 at 5-6. Defendants support their motion with the affidavit of Joe Mabey, the operations manager for Wilson Canal Place I, LLC, in which he attests that prior to the alleged incident, Defendants had not received any reports or complaints relating to overhead light fixtures in elevators and had no notice of any problems relating to overhead light fixtures in elevators, and that Defendants have no knowledge of other accidents or injuries involving overhead light fixtures in elevators on the property. R. Doc. 15-4. Therefore, Defendants have presented evidence showing that an essential element of O'Neal's claim is not met, and O'Neal has failed to present any countervailing evidence to defeat summary judgment, as was her burden to do so. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed R. Civ. P. 56(c)(1)(A) & (c)(2).[15]

O'Neal then filed the present motion for new trial in which she argues that counsel did not intend to repeatedly ignore the Court's deadlines, asserting, without offering sufficient excuse, that he was not receiving emails from the Court's electronic filing system.[16] In opposition to O'Neal's motion, Defendants point out that O'Neal has not articulated the standard to be applied to her motion for new trial, nor made any attempt to demonstrate how she meets it.[17]

## II. LAW & ANALYSIS

At the outset, because the matter was resolved on a motion for summary judgment, not after trial, the Court construes O'Neal's motion for new trial as a motion for reconsideration, or motion to alter or amend a judgment.[18] A Rule 59(e) motion to alter or amend a judgment calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581. "A Rule 59(e) motion should not be used to relitigate

---

[15] *Id.* at 1 n.2.
[16] R. Doc. 34-2 at 1.
[17] R. Doc. 39 at 2.
[18] *See Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) (noting that a motion for reconsideration styled as a motion for new trial following summary judgment was correctly analyzed as a Rule 59(e) motion to reconsider entry of summary judgment).

3

prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

The Court is not persuaded that reconsideration is warranted. O'Neal's sole argument is that counsel should be absolved from repeatedly failing to comply with this Court's deadlines and filing procedures. However, in granting Defendants' motion for summary judgment, this Court determined that the motion had merit. O'Neal's motion for reconsideration points to no manifest error of law or fact or newly discovered evidence as would alter this conclusion. To be sure, O'Neal's other filings confirm that there is no basis to revisit summary judgment.[19] In a filing made after the Order & Reasons issued, O'Neal represents that she learned at her January 7, 2020 deposition "that the video surveillance of the event was inoperable *at the time* and … there is no maintenance records available for the elevator where the accident took place."[20] This amounts to a confession that she has no evidence even arguably tending to show that Defendants knew or should have known of the alleged vice or defect in the property. Accordingly, O'Neal's motion for reconsideration is DENIED.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that O'Neal's motion for new trial (R. Doc. 34) is DENIED.

---

[19] In these filings, most of which were identified by the clerk of court as deficient for one reason or another, O'Neal protests that she needs more discovery to rebut summary judgment. However, O'Neal does not bother to follow the procedures, or make the showing, required by Federal Rule of Civil Procedure 56(d) to warrant deferring summary judgment pending additional discovery. Since filing suit, O'Neal has neglected to conduct any discovery and only sought to do so, at this late juncture, when faced with a motion for summary judgment. The discovery deadline has now passed.

[20] R. Doc. 35-1 (emphasis added). Curiously, O'Neal tardily sought leave to amend her complaint to add a spoliation claim for Defendants "having broken defective cameras and not maintaining maintenance logs on their elevators." R. Doc. 27. This would avail her nothing: spoliation involves the destruction of evidence, not the lack of it.

New Orleans, Louisiana, this 5th day of March, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE